IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 01-cr-30098 |
| ) | |
| **CHARLES WISKIRCHEN,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Charles Wiskirchen's pro se Motion for Compassionate Release (d/e 86) and Amended Motion for Sentence Modification Under 18 U.S.C. § 3582(c)(1)(A) (d/e 87). For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On September 5, 2003, Defendant was sentenced to 288 months' imprisonment on one count of conspiracy to manufacture and distribute 50 or more grams of methamphetamine and 80 months' imprisonment on one count of being a felon in possession of ammunition, with the sentences to run concurrently with each other. Minute Entry, Sept. 5, 2003; Judgment, d/e 57.

On January 30, 2021, Defendant filed his first pro se motion for a sentence reduction pursuant to 18 U.S.C. § 2582(c)(1)(A) (d/e 79). That motion was ultimately withdrawn after the Court learned that Defendant had been released to home confinement by the Bureau of Prisons (BOP) under the Coronavirus Aid, Relief, and Economic Security (CARES) Act and Defendant notified the Court that he did not wish to proceed on the motion. See Text Orders Dec. 9, 2020, and Dec. 18, 2020. On January 22, 2021, Defendant filed a second pro se letter motion (d/e 84) that the Court construed as a new motion for compassionate release. Shortly thereafter, Defendant notified the Court that he wished to withdraw that motion to pursue exhaustion of administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A) before refiling. See Notice of Withdrawal of Motion, d/e 85; Text Order, Feb. 2, 2021.

On March 26, 2021, Defendant filed a third pro se motion for compassionate release (d/e 86). On April 2, 2021, Defendant's appointed counsel filed the Amended Motion for Sentence Modification Under 18 U.S.C. § 3582(c)(1)(A) now before the Court. In the Amended Motion, Defendant states that the motion is not based on the threat of COVID-19 to Defendant. See Am. Mot. 2.

Indeed, Defendant tested positive for COVID-19 previously and recovered, has since been fully vaccinated against COVID-19, and has already been released to home confinement by BOP. Rather, the Amended Motion is based on Defendant's desire to end his custodial sentence so that he may begin supervised release and seek employment that will allow him to use the Commercial Driver's License (CDL) Defendant has obtained. See Am. Mot. 2, 6.

In the Amended Motion, Defendant states that he has filed the "motion having met his requirement to exhaust administrative remedies, as required by United States v. Sanford," 986 F.3d 779 (7th Cir. 2021). Am. Mot. 1. The Government has filed a response to the Amended Motion asserting that Defendant has not exhausted his administrative remedies as required by statute and that BOP has no record of a request for compassionate release from Defendant. Resp. 8-10.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate

release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Government has timely objected to Defendant's compassionate release request on the grounds that Defendant has failed to exhaust his administrative remedies.  See Resp. 8-10.  The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked."  Sanford, 986 F.3d at 782.

The Government notes that Defendant's Amended Motion does not specify to whom Defendant submitted a request for compassionate release, and that "the BOP database and Re-Entry Manager's Office had no record of receiving any request for release from home confinement from the defendant."  Id. at 10 (citing email correspondence from BOP attorney).  The Government argues that even though Defendant is not technically in the *physical* custody of BOP, Defendant is still required to submit a request for compassionate release to a BOP official before a compassionate

release motion can be filed in court.  Id. at 8-9.  Thus, before the Court can consider the extraordinary and compelling reasons for release advanced by Defendant, or the application of the 18 U.S.C. § 3553(a) factors, the Court must decide the threshold issue of whether Defendant has satisfied the statutory exhaustion requirement.  Cf. United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *1 (7th Cir. Nov. 20, 2020) (classifying exhaustion requirement as "affirmative defense" rather than jurisdictional requirement).

    The requirement to exhaust administrative remedies before seeking relief from the courts serves to protect administrative agency authority and promote efficiency.  See Woodford v. Ngo, 548 U.S. 81, 89 (2006).  "And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise."  McKart v. United States, 395 U.S. 185, 194 (1969).  One purpose of the exhaustion requirement is to ensure that the Bureau of Prisons has an opportunity to "articulate [its] decision and rationale" vis-à-vis a particular request for compassionate release, thus giving the district court the benefit of

BOP's input.  Gunn, 2020 WL 6813995, at *2.  The Seventh Circuit has made it clear that district courts are "expect[ed] . . . to give [BOP]'s analysis substantial weight."  Id.

Defendant's Amended Motion only states in a conclusory fashion that Defendant has satisfied the exhaustion requirement in the compassionate release statute.  See Am. Mot. 1.  Defendant's Amended Motion does not indicate when a request for compassionate release was submitted to BOP, to whom the request was submitted, what the basis for the request was, or what BOP's decision on the request was.

The CARES Act expanded the powers of the Attorney General and the Director of the Bureau of Prisons to expand placement in home confinement.  See Pub. L. No. 116-136, 134 Stat. 516 (CARES Act § 12003(b)(2)).  A release to home confinement under the CARES Act only changes the location where a defendant serves a term of imprisonment from a BOP facility to the defendant's residence.  A defendant released to home confinement in this manner continues to serve a custodial sentence and continues to remain in the custody of BOP.  This is the situation Defendant finds himself in.

Although the Seventh Circuit has not directly addressed the issue, other Circuit Courts have held that even a defendant not in the physical custody of BOP is still required to submit a request for compassionate release to BOP before the defendant may file a motion in the courts.  See United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020).  While the Seventh Circuit has not decided that particular issue, the Seventh Circuit did recently hold that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) requires "issue exhaustion."  See United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021).  Issue exhaustion means that "in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court."  Id.

Here, Defendant has provided only his bare assurance that he has exhausted his administrative remedies.  He has not claimed that it is impossible for him to exhaust his administrative remedies because he is not in the physical custody of BOP, nor has Defendant attached a copy of the request submitted to BOP, or even indicated the basis for the request to BOP.  He simply states that he has met the exhaustion requirement.

In this case, the Court does not know the nature of the request that was made to BOP, so the Court cannot compare the administrative request with the request now before the Court in the Amended Motion. Accordingly, the Court cannot determine if Defendant has satisfied the issue exhaustion requirement recognized in Williams. Absent any contrary evidence from Defendant, the Court must accept the Government's representation that BOP has no record of a request for compassionate release from Defendant. For that reason, the Court finds that Defendant has not exhausted his administrative remedies by first submitting the request to BOP in order to allow BOP the initial opportunity to exercise its discretion or apply its expertise in considering the request.

The Court notes that for defendants in the position that Defendant is in—that is, still technically in the custody of BOP, but not physically in the custody of BOP—satisfying the exhaustion requirement may be more difficult than usual as there is often not a "warden of the defendant's facility" to whom the defendant can submit a request for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). But a request to BOP could still be made, for

example, to the chief executive of the facility where the defendant is housed. See, e.g., United States v. Gonzalez, 451 F. Supp. 3d 1194, 1196 (E.D. Cal. 2020) (where defendant was housed in a county jail pending designation and transfer by BOP, court held that "Defendant has effectively exhausted her administrative remedies by petitioning the BOP, giving them notice, and being told she does not have any other administrative path or remedies she can pursue"); United States v. Arreola-Bretado, 445 F. Supp. 3d 1154, 1157 (S.D. Cal. 2020) (where defendant was housed in a private contract Immigration and Customs Enforcement facility, court held that defendant "demonstrated a sufficient attempt at exhaustion and the unavailability of any further remedies to exhaust" by submitting request to the warden of the private facility); United States v. Jepsen, 451 F. Supp. 3d 242, 243-45 (D. Conn. 2020) (where defendant was to be housed in a county jail for duration of sentence, court held that motion was properly before the court because defendant "exhausted available appeals of the administrative denial of his request for compassionate release" by submitting a request to warden of the privately-run facility and then to BOP's Designation and Sentence Computation Center).

In this case, although Defendant is on home confinement, the BOP website indicates that Defendant is 'housed' by the Chicago Residential Reentry Management field office.  See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Apr. 10, 2021).  If a request were submitted to the head of that field office and then the request were later provided to the Court in conjunction with a motion for compassionate release, the Court would be able to determine if a defendant had satisfied the requirement of issue exhaustion before filing, but on the record currently available, the Court cannot determine that Defendant's motion is properly before the Court.  See United States v. Williams, 829 F. App'x 138, 140 (7th Cir. 2020) ("The district court correctly denied compassionate release for Williams based on his failure to present proof that he had satisfied § 3582(c)(1)(A)'s exhaustion requirement.")

### III. CONCLUSION

For the reasons set forth above, Defendant Charles Wiskirchen's Amended Motion for Sentence Modification Under 18 U.S.C. § 3582(c)(1)(A) (d/e 87) and Defendant's pro se Motion for

Compassionate Release (d/e 86) are DENIED.

**ENTER: April 21, 2021**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**